Filed 4/29/15  P. v. Martinez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

| California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. |
| --- |

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
| --- | --- |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAIRO MARTINEZ,<br><br>    Defendant and Appellant. | B257961<br><br>(Los Angeles County<br>Super. Ct. No. BA416342) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie A. Swain, Judge.  Affirmed.

──────

Katja Grosch, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

──────

An amended information, filed on May 29, 2014, charged Jairo Martinez with (1) willful, deliberate and premeditated attempted murder (Pen. Code, §§ 664, subd. (a); 187, subd. (a)[1] (count 1)); (2) possession of a firearm by a felon (§ 29800, subd. (a)(1) (count 2)); and (3) assault with a semiautomatic firearm (§ 245, subd. (b)) (count 3). As to counts 1 and 3, the information specially alleged a great-bodily-injury enhancement under section 12022.7, subdivision (a). It also specially alleged firearm enhancements, under section 12022.53 as to count 1 and under section 12022.5 as to count 3. After trial, the jury found Martinez not guilty on count 1 but guilty on counts 2 and 3. It found true the great-bodily-injury and firearm enhancements as to count 3. The trial court sentenced Martinez to 13 years eight months in state prison, consisting of the six-year midterm for assault with a firearm, plus the four-year midterm for the firearm enhancement and three years for the great-bodily-injury enhancement as well as eight months (one-third the two-year midterm) for possession of a firearm by a felon. Martinez timely appealed.

We appointed counsel to represent Martinez in the matter. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On January 21, 2015, we sent a letter to Martinez and to counsel. In the letter, we directed counsel to immediately send the record on this appeal and a copy of the *Wende* brief to Martinez and informed Martinez that he had 30 days to submit by letter or brief any ground of appeal, contention or argument he wished us to consider. We did not receive a response from him.

We have reviewed the entire record on appeal. Substantial evidence shows that Martinez used a semiautomatic firearm to shoot the victim in the back of the head above the neck and thus supports Martinez's convictions and the true findings on the special allegations. (*People v. Johnson* (1980) 26 Cal.3d 557, 578 [substantial evidence is that which is "reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt"].) We are satisfied that

---

[1]     Statutory references are to the Penal Code.

Martinez's counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.


We concur:


JOHNSON, J.


BENDIX, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.